**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STATE OF ALABAMA, and** | ) | |
| **DONNA O. HUFFAKER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 08–680-KD-C** |
| | ) | |
| **SCOTT E. HUFFAKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the court on the notice of removal filed by defendant Scott E. Huffaker

(doc. 1).[1]  Upon consideration and for the reasons set forth herein, the court finds that it lacks

subject matter jurisdiction, and therefore this action is **remanded** to the Circuit Court of Baldwin

County, Alabama.

    1.  Procedural and Factual Background

*Pro se* defendant, Scott E. Huffaker, filed a notice of removal pursuant to 28 U.S.C. §

1443(1) and 1446(a) wherein he seeks to remove the civil action brought against him by his former

wife Donna Huffaker in the Circuit Court of Baldwin County, Alabama (doc 1-2, p. 1-5).

Defendant alleges that federal jurisdiction exists over this action because the laws of the State of

Alabama controlling domestic and marital relations, including child support, have been completely

pre-empted by federal law, specifically, Subchapter IV, Part D of the Social Security Act through

which the states receive federal assistance to collect child support from non-custodial parents, the

Child Support Enforcement Act, codified at 42 U.S.C. § 651, *et seq*; and Subchapter XI, Part A of

---

[1]  Because this action has been dismissed, defendant's pending application to the Clerk
for entry of default and the expedited motion and application for default judgment (doc. 3, 4) are
MOOT.

the Social Security Act, entitled "General Provisions, Peer Review, and Administrative Simplification", codified at 42 U.S.C. § 1301, *et seq*; and the regulations found at 54 C.F.R. § 301.1, *et seq.*

On August 31, 2007, plaintiff Donna Huffaker filed a petition for contempt and petition to modify decree against defendant in the Circuit Court of Baldwin County, Alabama.  Plaintiff sought unpaid child support and alimony and a modification of her divorce decree to provide for post-minority child support.  She was represented by retained counsel.  The State of Alabama was not a party to the action.  Defendant filed a motion to dismiss the petition on or about October 1, 2007 (doc. 1-2, p. 9-11, plaintiff's reply to untitled pleading; p. 12-14, plaintiff's response to defendant's motion to dismiss).

On May 22, 2008, a hearing was held and the Circuit Court entered an order awarding plaintiff a judgment against defendant in the amount of $6,902.00 for child support arrearage, $13,970.00 for alimony arrearage, $2,500.00 for attorney fees, $279.50 for costs, and modified the divorce decree to provide for post-minority child support and post-minority educational support for the parties' two minor children (doc. 1-2, p. 31-33).

The court also found defendant in contempt of court for failure to appear and a warrant was issued.  The documents on removal indicate that defendant was arrested October 22, 2008, released on signature bond October 23, 2008.  A court appearance was set for December 1, 2008 (doc. 1-2, p. 35).  Defendant removed this case on November 21, 2008.

2. Discussion

The district court must sua sponte inquire into its subject matter jurisdiction over the cases brought before it. Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts 'are

obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'") (citing Galindo-Del Valle v. Att'y Gen., 213 F.3d 594, 599 (11th Cir. 2000) (citing Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)).  The Court of Appeals for the Eleventh Circuit "has joined its sister circuits in holding that based on the language of § 1447(c) the district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F. 3d 1244, 1245 (11th Cir. 2004).

      a.  Removal pursuant to 28 U.S.C. § 1443(1).

Section 1443 is titled "Civil Rights Cases" and sets forth, in relevant part, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof

28 U.S.C. § 1443.

On removal, defendant appears to argue that he has been denied equal protection and due process of law in the state court civil action and that his fundamental rights as a parent have been impaired by the petition to modify the divorce decree.  In addition, it appears he also seeks to remove a separate but possibly related criminal prosecution.  Defendant states that he was indicted three years ago for harassing communications to a judge but despite his request for a speedy trial, the case is still pending.

In Wells Fargo Bank, N.A. v. Henley, 198 Fed. Appx. 829 (11th Cir. 2006), the Eleventh Circuit explained that

3

Under § 1443, removal is proper "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with[in] the jurisdiction thereof." 28 U.S.C. § 1443(1).

Removal under § 1443(1) must satisfy a two-prong test. First, the petitioner must show that the "right upon which [he] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir.2001) (quotation omitted) (citing Georgia v. Rachel, 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966)). Claims of violations of rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. Id. Second, the petitioner "must show that he has been denied or cannot enforce that right in the state courts." Id.

Id. at 829-830.

Defendant has failed to allege adequate grounds for removal pursuant to § 1443(1), because he cannot satisfy the first prong of the test.  Defendant does not show that the "right upon which [he] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. at 830.  Therefore, defendant may not remove this case pursuant to 28 U.S.C. § 1443(1).  See Shuttlesworth v. City of Birmingham, 399 F.2d 529, 532 (5th Cir. 1968) (explaining that the Supreme Court had "expressly held that those rights that inhere in every citizen by virtue of the Federal Constitution are not rights 'arising under a law providing for 'equal civil rights' within the meaning of 1443(1).'").

b. Preemption

Defendant argues that the domestic relations laws of the State of Alabama found in Title 30 of the Code of Alabama, entitled "Marital and Domestic Relations", have been completely preempted by federal law and therefore, this court has jurisdiction over plaintiff's petition for contempt and to modify the divorce decree.  Specifically, he argues that because the child support guidelines in Rule 32 of the Alabama Rules of Judicial Administration were adopted in response to

4

requirements in the Child Support Enforcement Amendments of 1984 and the Family Support Act of 1988, state law is preempted by federal law.  He also argues that because a State Plan is mandated by the Social Security Act in order for the State of Alabama to receive Title IV-D grant monies to financially assist the state with child support enforcement against non-custodial parents, state law is preempted by federal law. (Doc. 1, Exhibit B, p. 36; Exhibit C, p. 37-53).

There is no diversity of citizenship.  Therefore, of the possible bases for jurisdiction set forth in Article III, section 2 of the United States Constitution, only federal question jurisdiction may be available on removal. 28 U.S.C. § 1441(a); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  In Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285 (11th Cir. 2004), the court explained that "[w]hether a claim 'arises under' federal law 'is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 1289 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987).  The court has reviewed this petition and it is clear that no federal question is presented on the face of the petition.

The Dunlap court further explained that "even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." Id. at 1289 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983)).  As to complete preemption, the court further explained that "[c]omplete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim 'arising under' federal law." Id. (footnote and citation omitted).  The court noted that

> Complete preemption, [ ], is a doctrine distinct from ordinary preemption. Rather
> than constituting a defense, it is a narrowly drawn jurisdictional rule for assessing
> federal removal jurisdiction when a complaint purports to raise only state law claims.
> It looks beyond the complaint to determine if the suit is, in reality, purely a creature
> of federal law, even if state law would provide a cause of action in the absence of the
> federal law, ... thus creating the federal question jurisdiction requisite to removal to
> federal courts.

Id. at 1289 n.8 (citation omitted).  Additionally, "the Supreme Court has identified only three

statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management

Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of

1974, 29 U.S.C. § 1001 et seq.; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 et

seq." Dunlap, 381 F. 3d at 1290 (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11, 123

S.Ct. 2058, 2062-64 (2003)).  "The Court found that complete preemption applied to those statutes

because all three 'provided the exclusive cause of action for the claim asserted and also set forth

procedures and remedies governing that cause of action." Id. at 1291 (citation omitted).

To establish complete preemption, defendant relies upon the adoption of child support

guidelines by the State of Alabama (Rule 32) as a requirement of the Child Support Enforcement

Amendments of 1984 and the Family Support Act of 1988; the Child Support Enforcement Act, 42

U.S.C. § 651, et seq.; the Social Security Act § 1101, 42 U.S.C. § 1301, et seq.; and the regulations

found in 45 C.F.R. § 301.1, et seq.  He argues that when "taken together" these statutes and

regulations completely preempt the field of domestic relations law of the State of Alabama.

However, in Rose v. Rose, 481 U.S. 619, 107 S. Ct. 2029 (1987), the Supreme Court explained as

follows:

> We have consistently recognized that "[t]he whole subject of the domestic relations
> of husband and wife, parent and child, belongs to the laws of the States and not to
> the laws of the United States." "On the rare occasion when state family law has come
> into conflict with a federal statute, this Court has limited review under the

> Supremacy Clause to a determination whether Congress has 'positively required by
> direct enactment' that state law be pre-empted." Before a state law governing
> domestic relations will be overridden, it "must do 'major damage' to 'clear and
> substantial' federal interests."

<u>Rose</u>, 481 U.S. at 625, 107 S.Ct. at 2033-2034 (internal citations omitted) (finding that state statute

by which veteran was ordered to pay child support from his veteran's benefits was not preempted

by federal law).

The federal statutes and regulations cited by defendant, create a comprehensive plan

whereby the State can recover from non-custodial parents any funds expended by the State and the

federal government for child support.  However, there is nothing before the court to indicate that the

domestic relations laws of the State of Alabama on the whole, or any specific section of Chapter 30,

damage the federal interest in obtaining support for minor children or in any way conflict with the

federal statutes and regulations cited by defendant.  Moreover, defendant has not identified any

Alabama law in the field of domestic relations which is in conflict with any federal law, such that

federal law would override.  To the contrary, defendant points out that Rule 32 was adopted in

response to requirement in the Child Support Enforcement Amendments of 1984 and the Family

Support Act of 1988, and thus, would not be in conflict with these Acts.  <u>Rose</u>, 481 U.S. at 634-635,

107 S.Ct. at 2038-2039 (finding that the state statute authorizing an award of part of a veteran's

disability benefit as child support did not conflict with federal law and thus was not preempted);

<u>Planned Parenthood Association of Utah v. Dandoy</u>, 635 F.Supp. 184 (D. Utah 1986) (finding that

laws governing the federal Medicaid grant program preempted a state law prohibiting the use of

public funds to provide contraceptive services to unmarried minors without parental consent);

<u>Townsend v. Swank</u>, 404 U.S. 282, 92 S.Ct. 502 (1971) (finding that the state's definition of

"dependant" children for purposes of receipt of Aid for Dependent Children was preempted by the

definition in the federal regulations).  Accordingly, the court finds that the domestic relations laws of the State of Alabama have not been completely preempted by federal law such that plaintiff's petition "arises under" federal law.  Therefore, the court lacks subject matter jurisdiction.

In addition, precedent from the Eleventh Circuit indicate that this court lacks subject matter jurisdiction.  In Moussignac v. Georgia Department of Human Resources, 139 Fed. Appx. 161 (11th Cir. 2005),[2] Moussignac removed the state court action for recovery of child support filed against him by the Department.  Relying upon Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") and quoting Ingram v. Hayes, 866 F. 2d 368 (11th Cir. 1988), the Eleventh Circuit affirmed the district court's dismissal of Moussignac's case.  The Eleventh Circuit stated as follows:

> "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir.1988) (citations omitted) (holding although diversity of citizenship existed, the district court properly abstained from exercising jurisdiction in domestic relations case). However, the domestic relations exception "does not justify abstention in all diversity cases involving intra-family disputes." Id. at 369-70.

> The district court did not err by dismissing Moussignac's removal action for lack of jurisdiction because the federal judiciary has traditionally abstained from deciding cases concerning domestic relations.  Even though the domestic relations exception does not justify abstention in all diversity cases involving intra-family disputes, there is no diversity of citizenship in this case since Moussignac and the GDHR are residents of Georgia. Accordingly, because the district court lacked subject matter jurisdiction over Moussignac's removal action, it did not err by dismissing the case.

---

[2] Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority. Rule 36-2 of the United States Court of Appeal for the Eleventh Circuit.

<u>Moussignac,</u> 139 Fed. Appx. at 162.

Defendant attempts to circumvent the tradition of federal court's abstaining from deciding domestic relations issues.  However, consideration of the relief which defendant seeks on removal, that

> any actions by the State of Alabama and Donna O. Huffaker in the referenced case in the Notice of Removal shall be ordered dismissed, order the State of Alabama and Donna Huffaker to never bring this issue to litigation again and the garnishment on Defendant's wages ordered removed[,]

(doc. 4, motion for default judgment, p. 3), establishes that retaining jurisdiction on removal  would require this court to address the prior orders of the Baldwin County Circuit Court[3] and address "divorce and alimony, child custody, . . . child support, and enforcement of separation or divorce decrees still subject to state court modification." <u>Moussignac,</u> 139 Fed. Appx. at 162.

3. <u>Conclusion</u>

The court having determined that federal law has not completely preempted the domestic relations laws of the State of Alabama and that this court lacks subject matter jurisdiction, this action is **remanded** to the Circuit Court of Baldwin County, Alabama.

**DONE** and **ORDERED** this 26th day of January, 2009.


**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] The <u>Rooker-Feldman</u> doctrine prevents review of state court decisions by a federal district court, because in part, 28 U.S.C. § 1257 vests the United States Supreme Court with sole federal jurisdiction to review state court decisions. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v Feldman</u>, 460 U.S. 462 (1983).